1  **STEVEN J. ROTHANS – State Bar No. 106579**
   **JILL W. BABINGTON – State Bar No. 221793**
2  **CARPENTER, ROTHANS & DUMONT**
   **888 S. Figueroa Street, Suite 1960**
3  **Los Angeles, CA  90017**
   **(213) 228-0400 / (213) 228-0401 [Fax]**
4  **srothans@crdlaw.com / jbabington@crdlaw.com**

5  Attorneys for Defendants, CITY OF CULVER CITY, a public entity, and OFFICER CAREY GRANT, a public employee

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ESPINOZA, an individual, and as successor in interest to decedent ALEJANDRO JOSE ERAZO,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY OF CULVER CITY, and DOES 1 through 10, Inclusive,<br><br>            Defendants.<br><br>AND ALL RELATED ACTIONS. | Case No.:  CV09-4029 SVW (SHx)<br>Consol. w/ CV09-8716 SVW (AGRx)<br><br>**PROTECTIVE ORDER** |

The protective order shall govern the disclosure of all personnel records and internal affairs records produced in discovery as ordered by Magistrate Judge Stephen Hillman in the lawsuit entitled <u>Maria Espinoza v. City of Culver City</u>, bearing case number CV09-4029 SVW (SHx), which has been consolidated with <u>Joel Erazo v. City of Culver City</u>, bearing case number CV09-08716 RSWL (AGRx).

///

///

1. All personnel documents, internal affairs documents and all responses to interrogatories which pertain to the personnel and internal affairs documents produced by defense in discovery as ordered by the Court (hereinafter collectively "the Protected Documents"), shall be subject to this Protective Order as follows.

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

   (a) Counsel of record for the parties to this civil litigation;

   (b) Plaintiffs and Defendant City of Culver City and its employees, including, but not limited to Officer Carey Grant;

   (c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record.

   (d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

4. Except for the use of the Protected Documents during the trial in this matter, if any of the Protected Documents, or any portion thereof, are to be used in this or any other proceeding, they shall be filed with the Court under seal.

5. The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of any City of Culver City employee, including, but not limited to Officer Carey Grant, which include Protected Documents or descriptions thereof shall be subject to this Order and precluded from providing any portions of the original deposition videotape,

1  audiotape, or exhibits which relate to the Protected Documents or information to
2  any persons other than counsel of record, absent order of the court.

3      6.    Those attending the depositions of any City of Culver City employee
4  including, but not limited to Officer Carey Grant, shall be bound by this Order and,
5  therefore, shall not disclose to any person or entity, in any manner, including
6  orally, any statements relating to information within the Protected Documents
7  made by such person during the course of said depositions.

8      7.    At any deposition of the any City of Culver City employee, should
9  there be persons in attendance who are not authorized to access to the Protected
10 Documents or information, such persons shall be removed from the deposition
11 room at any time information relating to the Protected Documents or protected
12 information is disclosed or discussed.

13     8.    The Protected Documents shall be used solely in connection with the
14 preparation and trial of the within this action (CV09-4029 SVW (SHx)) and the
15 consolidated action (CV09-08716 RSWL (AGRx)), or any related appellate
16 proceeding, and not for any other purpose, including, without limitation, any other
17 litigation or administrative proceedings or any investigation related thereto.

18     9.    Any party may move for a modification of this Order at any time.

19     10.    This Order is made for the purpose of ensuring that the Protected
20 Documents and the information contained therein will remain confidential.

21     11.    At the conclusion of this litigation, up request of defense counsel,
22 plaintiff's counsel shall return all Protected Documents to Steven J. Rothans, Esq.,
23 Carpenter, Rothans & Dumont, 888 S. Figueora Street, Suite 1960, Los Angeles,
24 California 90017.

DATED: March 15, 2010   _____
                                    United States District Court
                                    Magistrate Judge Stephen Hillman